IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SALLY KROUTH, HAROLD KROUTH, VIRGINIA MOTIS, SHIRLEY WHITE, LORRAINE PHELPS, JOANNE SCHNEIDER, MILDRED NOLAN, DAVID KNIPPLE, ELLEN KNIPPLE, JERRY FRANULOVIC, TONCICA FRANULOVIC, and JUDITH TAVES,<br><br>    Plaintiffs,<br><br>v.<br><br>MICKEY BROWN, an individual, and THE SCOTT FETZER COMPANY, a foreign corporation, dba KIRBY,<br><br>    Defendants. | 04-CV-1045-BR<br><br>OPINION AND ORDER |

**CHARLES A. RINGO**
Charlie Ringo & Associates, P.C.
974 N.W. Riverside Blvd.
Bend, OR 97701
(541) 330-6447

    Attorneys for Plaintiffs

1 - OPINION AND ORDER

**THOMAS V. DULCICH**
**WILLIAM J. OHLE**
**ROMAN D. HERNANDEZ**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suites 1600-1900
Portland, OR  97204
(503) 222-9981

          Attorneys for Defendant The Scott Fetzer Company

**BROWN, Judge.**

     This matter comes before the Court on Plaintiffs' Motion to Remand (#300) Plaintiffs' state-law claims to Multnomah County Circuit Court.  Because the Court has already ruled it would retain supplemental jurisdiction over Plaintiffs' state-law claims, the Court construes Plaintiff's Motion to Remand as a motion for reconsideration of the Court's December 18, 2006, Opinion and Order.  *See Amarel v. Connell,* 102 F3d 1494, 1515 (9th Cir. 1996)(court acknowledged "the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge.")(internal citations omitted).

     For the reasons that follow, the Court adheres to its Opinion and Order of December 18, 2006, and **DENIES** Plaintiffs' Motion.

2 - OPINION AND ORDER

## BACKGROUND

On July 2, 2004, Plaintiffs filed this action against Defendants in Multnomah County Circuit Court. On July 29, 2004, Defendant The Scott Fetzer Company (SFC)[1] removed the action to this Court on the basis of federal-question jurisdiction.

Following removal, Plaintiffs amended their Complaint four times. Defendants have twice moved for partial summary judgment, and the Court has issued Opinions and Orders on March 21, 2006, and December 18, 2006, respectively. The Court has also ruled on a number of evidentiary issues.

In its December 18, 2006, Opinion and Order, the Court dismissed all of Plaintiffs' federal-law claims. The Court, in the exercise of its discretion, retained supplemental jurisdiction over Plaintiffs' remaining state-law claims. Nevertheless, on January 12, 2007, Plaintiffs filed this Motion to Remand its state-law claims pursuant to 28 U.S.C. § 1367(a).

## STANDARDS

**I.  Supplemental Jurisdiction.**

A district court, in the exercise of its discretion, may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) when it has dismissed all claims over which it had

---

[1] Defendant Mickey Brown appears *pro se* in this action and did not file any pleadings.

3 - OPINION AND ORDER

original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction or to remand state-law claims, the court must consider the underlying objectives of judicial economy, fairness, and comity. *Executive Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994).

**II.  Motion to Reconsider.**

Federal Rule of Civil Procedure 54(b) provides any order that does not adjudicate all the claims of the parties "is subject to revision at any time before the entry of judgment. . . ." Neither Rule 54(b) nor the commentary to the rule addresses the standards that a district court should apply when reconsidering interlocutory orders.

Although the United States District Court for the District of Oregon does not have a local rule that addresses this subject, many district courts within the Ninth Circuit have promulgated local rules that provide some guidance. In *Motorola Inc. v. J.B. Rodgers Mechanical Contractors*, the court reviewed the local rules of those districts in the Ninth Circuit that had addressed the issue of reconsideration of interlocutory orders, and the court concluded the rules of the Central District of California "capture[] the most common elements of the various local rules." 215 F.R.D. 581, 583-86 (D. Ariz. 2003). This Court agrees and, like the court in *Motorola*, adopts the standards set forth in the

4 - OPINION AND ORDER

local rules of the Central District of California for determining whether to grant a motion for reconsideration.

The Court, therefore, evaluates whether

> (1) There are material differences in fact or law from that presented to the Court and . . . the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened *after* the Court's decision;
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Id*. at 586 (emphasis in original).

## **DISCUSSION**

Plaintiffs contend the Court should remand this matter to state court because the action was removed on the basis of federal-question jurisdiction, and, as noted, the Court dismissed all of Plaintiffs' federal-law claims over which it had original jurisdiction.

SFC opposes this Motion on the ground that the parties have expended substantial time and resources on this matter before this Court, and, therefore, remand is not in the interests of judicial economy, fairness, or comity.

Plaintiffs concede the decision whether to retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) lies within the sound discretion of the Court and that the Court

considered the proper "objectives of judicial economy, fairness, and comity" when it decided to retain supplemental jurisdiction. Plaintiffs, however, maintain the Court should not retain supplemental jurisdiction now that only state-law claims remain because Plaintiffs' initial choice of state-court venue should be respected.

In general, Plaintiffs' Motion is based on their disagreement with the Court's determination that judicial economy, fairness, and comity favor retention of supplemental jurisdiction.  Plaintiffs, however, have not set out any material differences in fact or law from that presented to the Court at the time of the Court's decision, identified any material facts or law that the Court failed to consider when it made its decision, or provided any substantive support for their position that the Court should alter its decision.  The Court remains convinced that it is a waste of judicial resources to require a state court to invest the time to ready this matter for trial when this Court is already familiar with all of the remaining issues.

Thus, the Court reiterates the conclusion set out in its December 18, 2006, Opinion and Order:  "It would not serve the underlying objectives of judicial economy, fairness, and comity to remand the matter to state court."  Accordingly, the Court adheres to its December 18, 2006, decision to retain supplemental

6 - OPINION AND ORDER

jurisdiction over Plaintiffs' state-law conversion claims.

## CONCLUSION

For these reasons, the Court adheres to its Opinion and Order of December 18, 2006, and **DENIES** Plaintiffs' Motion to Remand (#300).

IT IS SO ORDERED.

DATED this 15th day of February, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER